IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BEVILL ROCK DRYWALL, LLC, )
)
    Plaintiff, )
)
vs. ) Case No. CIV 10-494-SPS
)
THE PRO'S PAINTING CO., INC., and )
TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA, )
)
    Defendants. )

### COMPLAINT

COMES NOW Plaintiff, Bevill Rock Drywall, LLC ("Bevill"), and for its causes of action against Defendants, The Pro's Painting Co., Inc. ("Pro's") and Travelers Casualty and Surety Company of America ("Travelers"), states as follows:

### Jurisdiction and Venue

1. Bevill is an Arkansas limited liability company with its principal place of business located in Little Rock, Arkansas.

2. Pro's is a Tennessee corporation with its principal place of business located in Tennessee.

3. Travelers is a corporation organized and existing under the laws of the State of Connecticut.

4. The events giving rise to the instant case occurred at and in connection with a construction project known as the Choctaw Casino Resort located in Durant, Oklahoma (the "Project").

*Consent given*

5. In accordance with 28 U.S.C. § 1332, Bevill, Pro's and Travelers are citizens of different states and, therefore, complete diversity of citizenship exists. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391(a), inasmuch as a substantial part of the events and omissions giving rise to Bevill's causes of action occurred in the forum district.

## General Allegations

6. On or about April 14, 2009, Pro's, as principal, and Travelers, as surety, executed payment bond no. 105219045 (the "Payment Bond") to ensure payment to all persons supplying labor and material in the prosecution of the Pro's' work on the Project. A copy of the payment Bond is attached as Exhibit A.

7. On or about March 16, 2009, Bevill entered into a subcontract in the amount of $388,726.00 with Pro's by which Bevill agreed to perform sheetrock and other work on the hotel portion of the Project (the "Hotel Subcontract"). A copy of the Hotel Subcontract is attached as Exhibit B.

8. Pro's subsequently directed Bevill to furnish additional labor, material and equipment totaling $156,411.00 in connection with the Hotel Subcontract, as evidenced by Subcontract Change Order Nos. 1, 2 and 3 to the Hotel Subcontract, collectively attached as Exhibit C.

9. Pro's also demanded that Bevill provide "Level 5" drywall finishes in connection with its work on the Hotel Subcontract. Bevill is owed $146,520.00 for the additional labor, material and equipment it furnished for the "Level 5" drywall finishes not required under the Hotel Subcontract. This additional labor, material and equipment

is itemized in the Job Extra / Time and Material Worksheets, collectively attached hereto as Exhibit D.

10. On or about May 4, 2009, Bevill entered into a subcontract in the amount of $669,274.00 with Pro's by which Bevill agreed to perform sheetrock and other work on the casino portion of the Project (the "Casino Subcontract"). A copy of the Casino Subcontract is attached hereto as Exhibit E.

11. Pro's subsequently directed Bevill to furnish additional labor, material and equipment totaling $24,406.00 in connection with the Casino Subcontract, as evidenced by Subcontract Change Order Nos. 2-4 to the Casino Subcontract, collectively attached hereto as Exhibit F.

12. Lastly, between October 16, 2009, and November 10, 2009, Pro's directed Bevill to furnish additional labor, material and equipment totaling $44,513.81.00 in connection with both the Hotel Subcontract and the Casino Subcontract (the "Ticket Work"). This Ticket Work is itemized in the Job Extra / Time and Material Worksheets, collectively attached hereto as Exhibit G.

I.

## Breach of Contract

13. Bevill hereby adopts by reference the allegations contained in paragraphs 1-12 of the Complaint as if fully set forth herein.

14. Pro's breached both the Hotel Subcontract and the Casino Subcontract in several independent particulars, including, but not limited to:

(a) Pro's actively interfered with and disrupted Bevill's performance of both the Hotel Subcontract, as amended, and the Casino Subcontract, as amended;

(b) Pro's has failed to pay Bevill the $308,790.30 it is owed for the labor, material and equipment it furnished performing the Hotel Subcontract, as amended;

(c) Pro's has failed to pay Bevill the $80,984.77 it is owed for the labor, material and equipment it furnished performing the Casino Subcontract, as amended;

(d) Pro's has failed to pay Bevill the $44,513.81 it is owed for the labor, material and equipment it furnished performing the Ticket Work in connection with both the Hotel Subcontract, as amended, and the Casino Subcontract, as amended;

15. As result of the aforesaid material breaches of both the Hotel Subcontract, as amended, and the Casino Subcontract, as amended, Bevill is entitled to judgment against Pro's for breach of contract in the amount of $434,288.88, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## II.

### *Quantum Meruit*

16. Bevill realleges and incorporates paragraphs 1-15.

17. Bevill furnished valuable labor, material and equipment in connection with the Project (the "Work") to Pro's with a reasonable expectation of being compensated.

18. Pro's knowingly accepted the benefit of the Work.

19. Pro's would be unfairly benefitted by the Work furnished by Bevill if no compensation were paid to Bevill.

20. Pro's has failed to pay Bevill for the Work.

21. Bevill is entitled to judgment against Pro's for the value of the Work, to-wit: $434,288.88, plus prejudgment and post-judgment interest, and such further and other relief as the Court deems just and equitable.

III.

### Action on Payment Bond

22. Bevill realleges and incorporates paragraphs 1-21.

23. Bevill supplied labor and material in the prosecution of Pro's work on the Project for which Bevill is still owed $434,288.88

24. Demand, albeit to no avail, has been made against both Pro's and Travelers for the $434,288.88 in unpaid labor and material in furnished on the project.

25. Bevill is entitled to judgment against Pro's and Travelers under the Lien Payment Bond in the amount of $434,288.88, plus prejudgment and post judgment interest, costs and attorneys' fees.

WHEREFORE, premises considered, Plaintiff, Bevill Rock Drywall, LLC, prays that the Court enter judgment in its favor and against the Defendants, The Pro's Painting Co., Inc. and Travelers Casualty and Surety Company of America, jointly and severally, on its action against the Payment Bond in the amount of $434,288.88, plus pre-judgment and post-judgment interest, its attorneys' fees and costs, accrued and accruing; that Plaintiff, Bevill Rock Drywall, LLC, be granted judgment on its breach of contract claims against Defendant, The Pro's Painting Co., Inc. and, or, in the

alternative, on its *quantum meruit* claims against Defendant, The Pro's Painting Co., Inc., in the amount of $434,288.88, plus prejudgment and post-judgment interest, and for any such additional relief as the Court deems just and equitable.

## Jury Trial Demand

Bevill Rock Drywall, LLC, in accordance with Fed.R.Civ.P. Rule 38, hereby asserts its right to trial by jury, as declared and preserved by the Seventh Amendment to the United States Constitution.

Respectfully submitted,

BARROW & GRIMM, P.C.

By _____
Deirdre Dexter, OBA No. 10780
John E. Harper, Jr., OBA No. 17390
110 West Seventh Street, Suite 900
Tulsa, OK 74119-1044
(918) 584-1600
(918) 585-2444 (Fax)

ATTORNEYS FOR PLAINTIFF
BEVILL ROCK DRYWALL, LLC

S:\WPDOC\8632\000\EDOK complaint2_jeh.doc